J. Iva Hilyard, Appellee, v. B. B. Redfield et al., on Appeal of Benjamin Krisolofsky and Anna Krisolofsky, Appellants.

Gen. No. 32,826.

Opinion filed December 31, 1928. Rehearing denied January 11, 1929.

EPSTEIN, FEIWELL, ARVEY & SACHS and MEYER N. ROSENGARD, for appellants; MAURICE S. DOLIN, of counsel.

HARRY A. BIOSSAT and NELS H. OLSON, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

J. Iva Hilyard, plaintiff, sued B. B. Redfield and Benjamin Krisolofsky and Anna Krisolofsky, defendants, in the municipal court of Chicago in a contract

action. The case was tried before the court without a jury. At the close of the plaintiff's case, on motion of the plaintiff, the suit was dismissed as to Redfield. There was no evidence offered by any of the defendants. The court found the issues against the defendants, the Krisolofskys, and assessed the plaintiff's damages at the sum of $500. Judgment was entered on the finding and this appeal followed.

The plaintiff and the defendants, the Krisolofskys, on January 26, 1925, entered into a written contract by which the plaintiff agreed to purchase certain property in Chicago, and the defendants agreed to sell said property and to convey a good title by general warranty deed. The contract provides, *inter alia,* the following: "Said purchaser has paid Five Hundred Dollars, as earnest money, to be applied on such purchase when consummated * * *. In case material defects be found in said title, and so reported, then, if such defects be not cured within sixty days after such notice thereof, this contract shall, at the purchaser's option become absolutely null and void, and said earnest money shall be returned; notice of such election to be given to the vendor * * *. This contract and the said earnest money shall be held by B. B. Redfield for the mutual benefit of the parties concerned." After the contract was signed by the plaintiff and the Krisolofskys, the plaintiff gave to Redfield her check in the sum of $500, payable to the order of Redfield. The latter cashed the check and retained the money. Upon the trial the plaintiff proved that the building upon the premises in question encroached upon the adjoining lot; that she had notified the Krisolofskys of the defect and that they did not cure the same within 60 days, and that thereupon the plaintiff had rescinded the contract and demanded the return of the earnest money. Not receiving the same, this suit followed. In the affidavit of merits filed by the Krisolofskys they

admit "that a survey was made of the said premises after the said contract was made, and the building on said premises was found to encroach on the street and sidewalk three inches," and they aver that the $500 was left with Redfield for the mutual benefit of the plaintiff and the defendants Benjamin Krisolofsky and Anna Krisolofsky, and that Redfield never turned over the $500 to them, and they deny that they are indebted to the plaintiff in any sum. Upon the trial Redfield contended that he was not a party to the written contract and was not bound by its terms.

The defendants contend: "The defendants submitted certain propositions of law which were marked refused by the court. These propositions were based upon the theory that Redfield, under the terms of the contract, was the agent for both parties; that he held the fund of money as such agent, and that in the event the sellers did not comply with the conditions of the contract, that he, and he alone, would be liable for the return of said fund," and that therefore the court erred in marking these propositions, "refused."

The plaintiff contends that Redfield was not a party to the contract and that the fact that the plaintiff may have a claim against him for the $500 does not void or change the legal liability of the Krisolofskys under the terms of the written contract; that the right of the plaintiff to recover against the Krisolofskys is based upon the terms of the contract; that as the defendants concede that material defects were found in the title and that they did not cure the same within 60 days, and that the plaintiff had a right under the terms of the contract to declare it null and void, it thereupon follows from the terms of the contract that the plaintiff was entitled to the return of the earnest money, and that it is for a breach of this provision that she sues.

Counsel for each side state that they have been unable to find any authorities directly bearing upon the

point involved and that this court must determine the question by an interpretation of the contract.

The defendants concede that the plaintiff is entitled to the return of the $500 but they contend that she, under the terms of the contract, can sue only Redfield for it, and in support of this position they stress the point that the plaintiff had a right of action against Redfield for the $500. While Redfield was not a party to the contract, nevertheless, the plaintiff would have a right of action against him, not upon the theory that there was a contractual relation between Redfield and the plaintiff, but upon the principle that Redfield has money in his possession which *ex aequo et bono* he has no right to retain and which belongs to the plaintiff. In our judgment the mere fact that the plaintiff had a right of action against Redfield is of no importance in determining the question as to whether the plaintiff can recover against the Krisolofskys in the present suit. It is admitted that through no fault of the plaintiff, and through the fault of the defendants, the sale of the property was never consummated and that the plaintiff had the right to rescind under the contract. Therefore the provisions of the contract that relate to a consummated sale (not set forth in this opinion) are not material in determining the instant question. The contract provides that ''in case material defects be found in said title, and so reported, then, if such defects be not cured within sixty days after such notice thereof, this contract shall, at the purchaser's option become absolutely null and void, *and said earnest money shall be returned.''* (Italics ours.) The meaning of the italicized language is plain, and the use of the word ''returned'' is significant and important. Who was to return the $500 to the plaintiff? Redfield was not a party to the contract. The only reasonable interpretation of the language in question is that the defendants, the only parties to the con-

tract, save the plaintiff, were to return the $500 to the plaintiff. It is for damages for a breach of this provision of the contract that the plaintiff is suing. In our judgment, the action of the trial court in marking the propositions of law in question "refused," and in entering judgment for the plaintiff, was justified, under the contract and the undisputed facts of the case. The defendants have not questioned the amount of the damages found by the court.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.